```
......................................          :   ..................................
A/K/A KIMBERLY ANN SHIELDS                       :
                        Debtor                   :   Chapter No. 13
                                                 :
DITECH FINANCIAL LLC                             :
                        Movant                   :
                v.                               :
KIMBERLY ANN WHALEN                              :   11 U.S.C. §362
A/K/A KIMBERLY ANN SHIELDS                       :
                     Respondent                  :
```

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, and THOMAS K. NOONAN, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 2046 WEST NORWEGIAN STREET, POTTSVILLE, PA 17901, mortgage account ending with "9594".

3. The parties agree that the total post-petition arrearage consists of eight (8) monthly payments for the months of May 2017 through December 2017 at $507.65 each; attorney fees and costs in the amount of $1,031.00; less Debtor's suspense in the amount of $75.48; resulting in the total post-petition arrearage amount of $5,016.72.

4. Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $5,016.72, representing all arrearages, charges, fees and other post-petition amounts due through January 1, 2018. Debtor agrees to amend the Chapter 13 Plan within fifteen (15) days of the signing of this Stipulation. The parties agree that Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $7,390.68 and post-petition arrearages in the amount of $5,016.72 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $12,407.40.

6. Debtor agrees to remain current post-petition from this day forward. Beginning January 1, 2018, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage.

7. If Debtor provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing January 1, 2018 is more than fifteen (15) days late, Movant may send Debtor and counsel a written Notice of Default of this stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order

shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10.     Debtor's tendering of a check to DITECH FINANCIAL LLC which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11.     The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12.     This stipulation survives any loan modification agreed to and executed during the instant bankruptcy. If any regular monthly mortgage payment due under the execution of a loan modification is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001(a)(3) so that Relief Order is immediately effective and enforceable.

13.     The parties request that this Court sign and docket an Order Approving the Stipulation in Settlement of the Motion for Relief.

14.     The parties agree that a facsimile signature shall be considered an original signature.

Date:     December 20, 2017

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
James P. Frey, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

THOMAS K. NOONAN, ESQUIRE
Attorney for Debtor

AGATHE McHALE, ESQUIRE
Attorney for Charles J. DeHart III, Chapter 13 Trustee