**LOCAL BANKRUPTCY FORM 3015-2(a)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| KIMBERLY ANN WHALEN | : | **CHAPTER 13** |
| a/k/a KIMBERLY ANN SHIELDS | : | |
| | : | **CASE NO.** 5 - 17 -bk- 00242 |
| | : | |
| | : | |
| **Debtor(s)** | : | |

**CERTIFICATION REGARDING SERVICE OF AMENDED CHAPTER 13 PLAN**
(Altering Treatment of Claims)

The undersigned, counsel for the above-captioned Debtor(s), hereby certifies that the

Second ☑ Amended Chapter 13 Plan filed on _1 - 8 - 18_ proposes to alter the

treatment of the claims of the following creditors included in the confirmed Chapter 13 Plan:

DITECH FINANCIAL, LLC

I further certify that notice of the filing of the Second ☑ Amended Chapter 13 Plan

has been served on the above listed creditors and the Chapter 13 trustee, as evidenced by the

attached certificate of service, and that no other party, other than the creditors listed above, will

be affected by the provisions of the Second ☑ Amended Chapter 13 Plan.

I further certify that the Second ☑ Amended Chapter 13 Plan seeks a determination of

the amount of a claim in favor of DITECH FINANCIAL, LLC , and that

service of the Second ☑ Amended Chapter 13 Plan has been made upon same in accordance

with Rule 3012(b).

_Thomas K Hoover_
Counsel for Debtor(s)

Dated: _1. 8. 18_

UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

KIMBERLY ANN WHALEN,

a/k/a KIMBERLY ANN SHIELDS,     Debtor


KIMBERLY ANN WHALEN,

a/k/a KIMBERLY ANN SHIELDS,     Movant


DITECH Financial, LLC     Respondent

CHAPTER 13

Case No: 5-17-bk-00242


### NOTICE

Debtor, Kimberly Ann Whalen, a/k/a Kimberly Ann Shields, filed a Motion to Modify Chapter 13 Plan Post-Confirmation on January 8th, 2018.

If you object to the relief requested, you must file your objection /response on or before January 30, 2018 with the Clerk of Bankruptcy Court, Max Rosen U S Courthouse, 197 South Main St, Rm 247, Wilkes-Barre, PA 18701 and serve a copy on counsel for Debtor, Thomas K Noonan, 306 Mahantongo St, Pottsville, PA 17901.

If you file and serve an objection/response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection/response within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.


Date: 1.8.18

Thomas K Noonan, Esq

306 Mahantongo St

Pottsville, PA 17901

IN RE:
   KIMBERLY ANN WHALEN,
   a/k/a KIMBERLY ANN SHIELDS,

                    DEBTOR                                    :    CASE # 5-17-00242


### MOTION TO MODIFY CHAPTER 13 PLAN POST-CONFIMRATION

Debtor, Kimberly Ann Whalen, by and through his counsel, Thomas K. Noonan, Esquire, respectfully represents the following:

   1. Debtor filed a Chapter 13 Bankruptcy Petition on January 25, 2017.

   2. Debtor subsequently filed a chapter 13 plan which was subsequently amended by a First Amended plan providing for monthly payments in the amount of $301.00 per month.  Said First Amended Plan was confirmed on July 12th, 2017

   3. Debtor has incurred post-petition arrearages in her mortgage with Ditech Financial, LLC, in the amount of $5016.72, and has entered into a stipulation under the terms of which she must file an amended Chapter 13 Plan to pay those post-petition arrears within an amended plan.  Said stipulation was approved by this court on January 3'd, 2018.

   4. The Second Amended plan increases debtor's monthly plan payment to $430.32 for the final fifty months of the plan in order to cover the aforesaid post-petition arrears, additional attorney fee, and Trustee commission.

   5.  This is a full-payment plan, so no creditor/claimants other than Ditech Financial, LLC are materially affected by aforesaid increase in the monthly plan payment.


   WHEREFORE,  Debtor respectfully requests that she be allowed to file a Second Amended Plan, and that said plan be confirmed.

                                   _Thomas K Noonan_
                                   Thomas K Noonan
                                   306 Mahantongo St
                                   Pottsville, PA 17901

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KIMBERLY ANN WHALEN,<br>a/k/a KIMBERLY ANN SHIELDS, | CASE NO. 5-17-00242 |
| DEBTOR | ___ ORIGINAL PLAN<br>_2d_ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>_0_ Number of Motions to Avoid Liens<br>_0_ Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $2,447.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit

1

payments through the Trustee as set forth below. The total base plan is $ <u>23,963.00</u>, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1/18 | 2/22 | 430.32 | | 430.32 | 21,516.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 21,516.00 |

    2.   If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3.   Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4.   CHECK ONE:  ( ✔ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        (    ) Debtor is over median income.  Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

## B.  Additional Plan Funding From Liquidation of Assets/Other

    1.   The Debtor estimates that the liquidation value of this estate is $ <u>0.00</u>. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

   <u>✔</u>   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

   _____   Certain assets will be liquidated as follows:

    2.   In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

property known and designated as _____
_____. All sales shall be completed by
_____, 20____. If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the
Trustee as follows: _____
_____

## 2. SECURED CLAIMS.

### A. <u>Pre-Confirmation Distributions</u>. *Check one.*

✔    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____    Adequate protection and conduit payments in the following amounts will be paid by
the Debtor to the Trustee. The Trustee will disburse these payments for which a proof
of claim has been filed as soon as practicable after receipt of said payments from the
Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan
payment, or if it is not paid on time and the Trustee is unable to pay timely a payment
due on a claim in this section, the Debtor's cure of this default must include any
applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in
the conduit payment to the Trustee will not require modification of this plan.

### B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>. *Check one.*

____    None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔    Payments will be made by the Debtor directly to the creditor according to the original
contract terms, and without modification of those terms unless otherwise agreed to by
the contracting parties. All liens survive the plan if not avoided or paid in full under
the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| DITECH FINANCIAL | HOME- 2046 W NORWEGIAN,  POTTSVILLE, PA | 9894 |
| PHFA | HOME-2046 W NORWEGIAN,  POTTSVILLE, PA | |
| GM FINANCIAL (AMERICREDIT) | 2013 CHRYSLER 200 | 6169 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

____ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✔ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| DITECH FINANCIAL | HOME-SEE 2B ABOVE | $7,390.68 | $5016.72 | $12,407.40 |
| PHFA | HOME-SEE 2B ABOVE | $1025.00 | $250.00 | $1,275.00 |
| GM (AMERICREDIT) | 2013 CHRYSLER 200 | 41,116.48 | | 1,116.48 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

4

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

5

**F. Surrender of Collateral.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| The name of the holder of the lien. |  |  |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. |  |  |
| A description of the liened property. |  |  |
| The value of the liened property. |  |  |
| The sum of senior liens. |  |  |
| The value of any exemption claimed. |  |  |
| The amount of the lien. |  |  |
| The amount of lien avoided. |  |  |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $500.00 already paid by the Debtor, the amount of $1500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

6

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ✔ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**B. <u>Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)</u>.** *Check one of the following two lines.*

    ✔ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    ___ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |
| | |

**C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>.** *Check one of the following two lines.*

    ✔ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

    ___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

7

4.  **UNSECURED CLAIMS**

A.  <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> *Check one of the following two lines.*

    ✔    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    ____    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B.  **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ✔    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ____    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6.  **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

    ✔  plan confirmation.
    ____  entry of discharge.

8

Rev. 12/01/17

\_\_\_ closing of case.

**7. DISCHARGE: (Check one)**

(✓) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a
discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,
the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above
Levels are not filled-in, then the order of distribution of plan payments will be determined by the
Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

THIS IS INTENDED TO BE A FULL PAYMENT PLAN EXCEPT FOR STUDENT LOANS, WHICH SHALL BE PAID IN FULL OUTSIDE THE PLAN IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF SAID LOAN(S).
   AS OF 12/31/17, REMAINING ORIGINAL CLAIMS TO BE PAID (OTHER THAN TRUSTEE) = $14,591.62. TO THIS IS ADDED ADDL. ATTY FEE ($500.00) AND POST-PETITION DITECH ARREARS ($5016.72), FOR TOTAL OF $20,108.34. ADDING 7% TRUSTEE FEE BRINGS TOTAL TO 21,515.92. DIVIDED BY 50 REMAINING MONTHS = $430.32

Dated: _1. 5. 18_

_Thomas K Noom_
**Attorney for Debtor**

_Kimberly A Whalen_
**Debtor**

_____
**Joint Debtor**

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

10

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


In re:                                                          CHAPTER 13

KIMBERLY ANN WHALEN.                                            CASE # 5-17-bk-00242

a/k/a KIMBERLY ANN SHIELDS


## ORDER OF COURT


   Upon consideration of Debtor's Motion to Modify her Chapter 13 Plan post confirmation by filing a
Second Amended Chapter 13 Plan,  and, after notice and opportunity to be heard,  there being no
objection from Ditech Financial, LLC, the sole creditor affected by the proposed modification,  the relief
requested by the Debtor's Motion is hereby GRANTED.

UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                                    CHAPTER 13

                                                          Case No: 5:17-bk-00242

KIMBERLY ANN WHALEN,

a/k/a KIMBERLY ANN SHIELDS,        Debtor

KIMBERLY ANN WHALEN,

a/k/a KIMBERLY ANN SHIELDS,        Movant

DITECH FINANCIAL, LLC,             Respondent

### CERTIFICATE OF SERVICE

I hereby certify that service upon all interested parties, indicated below was made by me by sending true and correct copies of the Motion of Kimberly Ann Whalen, a/k/a Kimberly Ann Shields to Modify Chapter 13 Plan Post Petition with Notice setting forth right to respond/object, by first-class mail on January 8, 2018.

CHARLES J DEHART, III  (TRUSTEE)              KIMBERLY ANN WHALEN

8125 ADAMS DRIVE, SUITE A                     2046 W NORWEGIAN ST

HUMMELSTOWN, PA, 17036                         POTTSVILLE, PA 17901

UNTIED STATES TRUSTEE                          JEROME BLANK, ESQ

228 WALNUT ST                                  1617 JFK BLVD SUITE 1400

Harrisburg, PA 17101                           ONE PENN CENTER PLAZA

                                               PHILADELPHIA, PA 19103

_Thomas K Noonan_

Thomas K Noonan, Esq

306 Mahantongo St, Pottsville, PA 17901